PEOPLE v REESE

Docket No. 214414. Submitted April 12, 2000, at Grand Rapids. Decided
    September 22, 2000, at 9:10 A.M. Leave to appeal sought.

Clinton W. Reese was found guilty by a jury in the Kent Circuit Court,
    Dennis C. Kolenda, J., of armed robbery and was sentenced as an
    habitual offender to life imprisonment. The defendant appealed,
    claiming that the trial court erred in failing to instruct the jury with
    respect to the lesser included offense of unarmed robbery and that
    his sentence is disproportionate.

The Court of Appeals held:

1. Michigan precedent requires a trial court to instruct a jury
with respect to necessarily included lesser offenses where there
has been a request for such an instruction. Unarmed robbery is a
necessarily included lesser offense of armed robbery. Accordingly,
under existing precedent, the trial court erred in refusing to give
the requested instruction concerning unarmed robbery.

2. Although Michigan precedent compels the conclusion that the
trial court erred in refusing to give the requested instruction even
though the evidence that the perpetrator of the robbery was armed
was uncontroverted, federal courts and the courts of a number of
states have adopted the view that an instruction regarding a neces-
sarily included lesser offense need be given only where the evi-
dence produced at trial rationally supports the lesser offense. The
Michigan Supreme Court has adopted a "rational view of the evi-
dence" standard with respect to requests for instructions where the
lesser offense is a cognate lesser included offense rather than a
necessarily included lesser offense and where the greater offense is
a felony and the lesser offense is a misdemeanor, and has sug-
gested that it would consider adopting the federal rule regarding
lesser offense instructions in an appropriate case. This is an appro-
priate case.

3. If the rational view of the evidence standard were applicable
to this matter, the evidence admitted at the defendant's trial would
compel the conclusion that the trial court properly refused to give
the requested instruction regarding unarmed robbery. The evidence
that the perpetrator was armed with a knife or an object fashioned
to cause the victims to believe that the perpetrator was armed with

a knife was uncontroverted. Thus, if not for the Supreme Court precedent, the trial court's refusal to give the requested instruction would be proper under the circumstances.

4. Despite the fact that it was error under existing precedent for the trial court to refuse to give the requested instruction, reversal of the defendant's conviction is not required because the error was harmless. The failure of a trial court to give a requested instruction regarding a necessarily included lesser offense is subject to a harmless error analysis. Because it was uncontroverted that the perpetrator used a knife, the failure to give the requested instruction regarding unarmed robbery was harmless error.

5. In light of the seriousness of the offense, the defendant's extensive criminal history, and the defendant's demonstrated lack of rehabilitative potential, the trial court did not abuse its discretion in imposing a sentence of life imprisonment. The sentence is not disproportionate.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — NECESSARILY INCLUDED LESSER OFFENSES — ARMED ROBBERY — UNARMED ROBBERY.

A trial court must instruct a jury with respect to necessarily included lesser offenses where there has been a request for such an instruction; unarmed robbery is a necessarily included lesser offense of armed robbery (MCL 750.529, 750.530; MSA 28.797, 28.798).

2. CRIMINAL LAW — JURY INSTRUCTIONS — NECESSARILY INCLUDED LESSER OFFENSES — HARMLESS ERROR.

The failure of a trial court to give a requested instruction regarding a necessarily included lesser offense is subject to a harmless error analysis

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *Vicki L. Seidl*, Assistant Prosecuting Attorney, for the people.

*William A. Van Eck*, for the defendant.

Before: BANDSTRA, C.J., and FITZGERALD and O'CONNELL, JJ.

BANDSTRA, C.J. Defendant appeals as of right from his conviction by a jury of armed robbery, MCL 750.529;   MSA 28.797. The trial court sentenced defendant as an habitual offender, MCL 769.12;   MSA 28.1084, to life imprisonment. Defendant contends that (1) the trial court erred in failing to provide a requested jury instruction with respect to unarmed robbery, MCL 750.530; MSA 28.798, and (2) his sentence was disproportionate. Although we question whether an instruction regarding a necessarily included lesser offense *should* be required in a case in which a rational view of the evidence would not support a finding of guilt under this instruction, we agree that, under applicable precedents, the trial court erred in failing to give such an instruction. However, we further conclude that the error was harmless. In addition, we conclude that defendant's sentence was not disproportionate. Accordingly, we affirm.

This case arises from the robbery of a Kentwood gas station. One of its employees testified at trial that a man wearing a nylon stocking over his face robbed the station at knifepoint. The employee, together with one of the people with whom she worked, identified defendant as the robber. The gas station manager, in reviewing a video surveillance tape for the jury, pointed out a stick-like object in the robber's hand. An additional witness testified that he found a knife in an area outside the gas station where the robber had dropped some money.

During closing arguments, defense counsel did not argue that the witnesses erred in testifying that the perpetrator possessed a knife or at least a knife-like

object during the incident.[1] Instead, counsel argued that (1) the eyewitnesses had been mistaken in identifying defendant as the perpetrator, and (2) the prosecution did not prove that the perpetrator used or threatened to use violence in committing the theft, since no witnesses testified that the perpetrator referred to the knife or put it to anyone's throat.

Defense counsel requested a jury instruction with respect to unarmed robbery, MCL 750.530; MSA 28.798. The trial court denied the request, saying that an unarmed robbery instruction was not warranted under a reasonable assessment of the evidence and that such an instruction would merely invite the jury to exercise leniency by finding defendant "guilty of less than [he was] in fact guilty of." Defendant contends that the trial court erred in refusing to give the requested instruction.

A trial court must instruct the jury with respect to necessarily included lesser offenses upon a request for such instructions.[2] *People v Jones*, 395 Mich 379, 390; 236 NW2d 461 (1975). A necessarily included lesser offense is one that must be committed as part of the greater offense; in other words, it would be impossible to commit the greater offense without first

---

[1] The closest defense counsel came during closing arguments to challenging the existence of the knife was his statement, in questioning the lack of fingerprint analysis, that "[i]f, in fact, this man held the knife, would there have been fingerprints on it?" Defense counsel did not argue that the eyewitnesses were mistaken in identifying a knife or at least a knife-like object. To the contrary, counsel argued that the eyewitnesses' testimony was unreliable because they were excited from seeing "that individual coming in and see[ing] what they believe[d] to be a knife in his hands."

[2] We recognize that a court generally has no duty to instruct the jury sua sponte regarding all lesser included offenses. See *People v Henry*, 395 Mich 367, 374; 236 NW2d 489 (1975).

having committed the lesser. *People v Bailey*, 451 Mich 657, 667; 549 NW2d 325 (1996), amended 453 Mich 1204 (1996). Unarmed robbery is a necessarily included lesser offense of armed robbery, with the distinguishing element being the use of a weapon or an article used as a weapon. *People v Chamblis*, 395 Mich 408, 424; 236 NW2d 473 (1975), overruled in part on other grounds *People v Stephens*, 416 Mich 252; 330 NW2d 675 (1982); *People v Garrett*, 161 Mich App 649, 652; 411 NW2d 812 (1987). Applying these precedents here, we conclude that the trial court erred in this case by failing to instruct the jury with respect to the necessarily included lesser offense of unarmed robbery.

Although our current case law compels the conclusion that the trial court erred, we note that other jurisdictions have different rules regarding when the duty to instruct with respect to lesser included offenses arises. In the federal courts, for example, an instruction regarding a lesser included offense need be given only if it is rationally supported by the evidence. See *Sansone v United States*, 380 US 343, 351; 85 S Ct 1004; 13 L Ed 2d 882 (1965); *Arcoren v United States*, 929 F2d 1235, 1243-1244 (CA 8, 1991). In *United States v Walker*, 75 F3d 178, 180 (CA 4, 1996), the court explained this principle as follows:

> More specifically, to receive a lesser-included offense instruction, the proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense. To be sufficiently in dispute, we have held that the testimony on the distinguishing element must be sharply conflicting, or that the conclusion as to the lesser offense must be fairly inferable from the evidence presented. [Citation omitted.]

Conversely, "[w]hen the evidence taken as a whole does not provide a rational basis for the jury to find the elements necessary to support the lesser-included offense instruction, the trial court may properly exclude such an instruction." *Arcoren, supra* at 1244. A number of states have either followed the federal rule or adopted a similar view of when an instruction regarding necessarily included offenses should be given. See *State v Kinnane*, 79 Hawaii 46, 49; 897 P2d 973 (1995) (adopting similar rule under state law); *Dishman v State*, 352 Md 279, 303; 721 A2d 699 (1998) (following federal model); *State v Swafford*, 109 NM 132, 136; 782 P2d 385 (1989) (following federal model); *State v Phipps*, 331 NC 427, 457; 418 SE2d 178 (1992), citing *State v Drumgold*, 297 NC 267, 271; 254 SE2d 531 (1979) ("[T]he trial court need not submit lesser included degrees of a crime to the jury 'when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime.'"); *Commonwealth v White*, 490 Pa 179, 183-184; 415 A2d 399 (1980) (adopting rule similar to federal model).

The Michigan Supreme Court has adopted an approach with respect to *cognate* lesser included offenses that is similar to this approach. A cognate lesser included offense is one that shares several elements with and is of the same class or category of the higher offense but that may contain some elements not found in the higher offense. *Bailey, supra* at 668. In the context of cognate lesser included offenses, our Supreme Court stated:

> [I]t is neither necessary nor sound policy to require the trial court to blind itself to uncontroverted proof of an ele-

ment of the greater crime that would necessarily raise a defendant's culpability to that of the more serious crime, if all elements common to the two offenses were found to be proven beyond a reasonable doubt. Where a defendant admits activity that, as a matter of law, constitutes proof of the distinguishing element, the basis for instruction on the lesser crime evaporates. [*Id.* at 671.]

In addition, our Supreme Court has adopted the federal model for determining whether an instruction regarding a lesser included offense should be given, without regard to whether the lesser offense is a cognate lesser included offense or a necessarily included lesser offense, when the lesser offense is a misdemeanor and the greater offense is a felony. See *Stephens, supra* at 262-263. The Court has limited this type of analysis, however, to the two situations outlined above; the trial court is to instruct regarding necessarily included lesser felony offenses without regard to the evidence. *Bailey, supra* at 668; *People v Beach*, 429 Mich 450, 463-465; 418 NW2d 861 (1988).

We see no sound basis for allowing the trial court to determine if the evidence rationally supports an instruction regarding a lesser offense in these situations, while disallowing such a determination in the context of necessarily included lesser felony offenses. Indeed, the Court's statement from *Bailey, supra* at 671, that it is unsound policy to "require the trial court to blind itself to uncontroverted proof of an element of the greater crime" applies with as much force to necessarily included lesser felony offenses as it does to cognate lesser included offenses and to lesser included misdemeanor offenses. At worst, had the jurors been properly instructed under our current law here, they could have found defendant to have been

unarmed notwithstanding the fact that there was no evidence or argument suggesting that he was not carrying a knife, as we will discuss more fully below. At the very least, such an instruction would have led to confusion as jurors pondered an offense option that was directly contrary to the facts presented.

Our Supreme Court has been urged in the past to apply a "rational view of the evidence standard" to all requests for lesser included offense instructions, see *Bailey, supra* at 667, and the Court recently stated that "we are prepared in a more appropriate case to consider adopting the federal model regarding lesser offense instructions." *People v Perry*, 460 Mich 55, 61, n 17; 594 NW2d 477 (1999).[3] Considering the facts here, as well as the prosecutor's argument in favor of the federal rule, we conclude that this case presents an appropriate occasion for our Supreme Court to consider adopting the federal model with regard to necessarily included lesser offense instructions. We urge the Supreme Court to hold that such an instruction need be given only if it is supported by a rational view of the evidence.[4]

---

[3] We recognize that the "federal model" at issue in *Perry* was the federal rule disallowing cognate lesser included offense instructions, not the necessarily included lesser offense instruction at issue here. *Perry, supra* at 61, n 17; see, *Beach, supra* at 464 ("The federal courts, by contrast, do not recognize cognate lesser included offenses. FR Crim P 31(c) limits instructions in federal criminal prosecutions to necessarily included offenses only.").

[4] We question whether, in effect, our Supreme Court has already adopted the federal model. As we will discuss more fully below, the Court held in *People v Mosko*, 441 Mich 496; 495 NW2d 534 (1992), that it is harmless error to fail to instruct regarding a necessarily included lesser offense if the element distinguishing a higher offense from the necessarily included lesser offense is not at issue. It would seem that this harmless error analysis would apply to any case where a rational view of the evidence would not support a finding of the necessarily included lesser offense. Thus, while failure to provide a necessarily included lesser

Under a "rational view of the evidence" standard, we would hold that the trial court did not err in refusing to instruct the jury with regard to unarmed robbery, because under *Walker, supra* at 180, and *Bailey, supra* at 671, the evidence did not support a logical inference that the robber was unarmed and because defense counsel referred on more than one occasion to the knife, essentially conceding that the perpetrator, if he committed a robbery offense at all, committed armed robbery. Indeed, no one contradicted the eyewitnesses' testimony that the robber used a knife during the robbery, and defense counsel argued in closing that the eyewitnesses' testimony was unreliable because they were excited from seeing "that individual coming in and see[ing] what they believe[d] to be a knife in his hands."[5] Defendant simply did not make the existence of a knife a disputed issue in the case but instead focused on (1) the witnesses' alleged misidentification of the perpetrator and (2) the alleged lack of violence because the knife was neither referred to, threateningly or otherwise, nor put to anyone's throat during the crime. However, we are, of course, bound by the Supreme Court precedents discussed above and therefore hold that the trial court erred in failing to instruct the jury with respect to unarmed robbery.

---

offense instruction upon request would be error, it would always be harmless error if the facts would not rationally support a finding of the necessarily included lesser offense.

[5] We note that if the eyewitnesses were led by the perpetrator to *believe* that the object he held was a knife—even if the object was not in fact a knife—a conviction of armed robbery was nonetheless appropriate. See MCL 750.529; MSA 28.797 (conviction of armed robbery appropriate if perpetrator used "any article used or fashioned in a manner to lead the person . . . assaulted to reasonably believe it to be a dangerous weapon").

Despite the trial court's error, however, reversal is unwarranted. The failure to instruct with regard to a necessarily included lesser offense is subject to harmless error analysis. *People v Mosko*, 441 Mich 496, 501-503; 495 NW2d 534 (1992). Under *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999), the standard of review for a preserved nonconstitutional error is whether the error "more probab[ly] than not" affected the outcome of the proceedings, whereas the standard for a preserved constitutional error is whether "the beneficiary of the error has established that it is harmless beyond a reasonable doubt." We need not decide whether the error in this case was constitutional or nonconstitutional, because even under the more restrictive constitutional standard, reversal is not warranted.

In *Mosko, supra* at 505-506, the distinguishing element between the higher offense (first-degree criminal sexual conduct) and the necessarily included lesser offense (third-degree criminal sexual conduct) was the presence of a particular familial relationship. In holding the trial court's failure to instruct with regard to third-degree criminal sexual conduct harmless, the Supreme Court stated:

> At no point during this litigation has there been any dispute regarding that familial relationship. While the prosecution always bears the burden of proving the elements of an offense beyond a reasonable doubt, the fact that the defense acknowledges the familial relationship can appropriately be considered in a harmless error analysis. [*Id.* at 506.]

In the instant case, as in *Mosko*, no witness disputed the distinguishing (aggravating) element, the existence of the knife. Indeed, the record in this case

shows (1) uncontroverted eyewitness testimony that the perpetrator of the robbery used a knife, (2) uncontroverted eyewitness testimony that a knife was found in an area where the perpetrator dropped some items, and (3) the presence of a knife-like or stick-like object seen on the videotape taken from the surveillance camera. Moreover, defense counsel acknowledged that the eyewitnesses saw "what they believe[d] to be a knife in [the perpetrator's] hands." Accordingly, under *Mosko*, the failure to instruct regarding the lesser offense was harmless error.

Defendant additionally argues that the trial court erred in sentencing him to life imprisonment. We review sentencing decisions for an abuse of discretion. *People v Hansford (After Remand)*, 454 Mich 320, 323-324; 562 NW2d 460 (1997); *People v Fetterley*, 229 Mich App 511, 525; 583 NW2d 199 (1998). If the principle of proportionality is violated, an abuse of discretion has occurred. *People v Milbourn*, 435 Mich 630, 635-636, 654; 461 NW2d 1 (1990).

The court properly considered both the seriousness of the offense and the criminal background and circumstances of the offender during sentencing. *Hansford, supra* at 325-326. Although defendant contends that a life sentence was inappropriate because no one was physically harmed during the robbery, the fact that no one was hurt appears to be simply a matter of luck. Defendant held a long, sharp knife in front of him during the robbery, made inherently threatening gestures to the victims, and frightened them. Defendant also yelled at one victim to "come here" and then told another to "shut up," pushing her up against a wall, before getting to the cash register.

With regard to the background and circumstances of the offender, the court noted that defendant frequently put people at great risk. Defendant's nine prior felony convictions, including convictions of armed robbery, assault with intent to rob while armed, larceny from a person, and burglary, demonstrate that defendant is not someone who is able to conform to the law. The fact that defendant has served five prison sentences and has returned to crime each time he was released bolsters that conclusion. The court evaluated this information and told defendant that "it tells me you are one of the few people who truly are incorrigible," noting that defendant had shown a pattern of committing a crime, going to prison, and then committing another crime upon release. There is no abuse of discretion in the imposition of a sentence where "an habitual offender's underlying felony, in the context of his previous felonies, evidences that the defendant has an inability to conform his conduct to the laws of society." *Hansford, supra* at 326. The court found that defendant was "exactly the person for whom the habitual-offender statute was intended." We agree.

In light of the seriousness of the offense, defendant's extensive criminal history, and defendant's demonstrated lack of rehabilitative potential, the life sentence imposed did not constitute an abuse of discretion.

We affirm.

O'CONNELL, J., concurred.

FITZGERALD, J. I concur in the result only.