# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
March 10, 2016

v

No. 324671
Wayne Circuit Court
LC No. 14-006042-FH

DANIEL ARDIS,

       Defendant-Appellant.

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree home invasion, MCL 750.110a(2), and aggravated domestic assault – second offense, MCL 750.81a(3). We affirm.

On February 22, 2014, defendant and Regina Mancill both attended a party. Although the two had been dating on and off for about a year, they did not live together and did not arrive to the party together. According to Mancill, she and defendant argued at the party because he was "pissy drunk" and "doing a lot of crazy stuff." About 2:00 a.m. or 3:00 a.m., Mancill told defendant that she was going home alone and did not want anyone to come with her. Defendant then "snatched" her car keys from her and said he was going to drive. Mancill let defendant drive because she was afraid of how he acted when he was angry. When she and defendant arrived at her house, they continued to argue outside, and Mancill told defendant to leave her alone. Then, as she tried to open the door to her house, defendant "pushed his way in." Once inside, defendant shoved Mancill to the floor, and laughed when she fell. A couple of hours later, defendant took Mancill to the hospital where she underwent surgery for a broken wrist. Mancill admitted that she did not file a police report regarding the incident until March 4, 2014, and that she told hospital personnel she slipped and fell because she was afraid of defendant.

On appeal, defendant argues that there was insufficient evidence to support his convictions because he did not assault Mancill. We disagree.

Claims of insufficient evidence are reviewed de novo. *People v Harrison*, 283 Mich App 374, 377; 768 NW2d 98 (2009). The evidence is considered in a light most favorable to the prosecution to "determine whether a rational trier of fact could find that the essential elements of the crimes were proven beyond a reasonable doubt." *Id*. at 377-378.

-1-

To convict defendant of first-degree home invasion, the prosecution had to prove that defendant entered Mancill's home without permission and committed a felony or an assault while another person was lawfully present. MCL 750.110a(2); *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). To convict defendant of aggravated domestic assault, the prosecution had to prove that defendant (1) committed an assault and battery, (2) against "an individual with whom he or she has or has had a dating relationship," (3) without a weapon, and (4) inflicted "serious or aggravated injury . . . without intending to commit murder or to inflict great bodily harm less than murder." MCL 750.81a(2) and (3). Under MCL 750.81a(3), aggravated domestic assault is a felony where the defendant had a prior conviction for assault or assault and battery against a spouse, an individual with whom the defendant had a dating relationship, an individual with whom the defendant had a child in common, or a resident of the same household. Thus, by convicting defendant of aggravated domestic assault under MCL 750.81a(3), the jury found that defendant committed both a felony and an assault and battery.

Neither "assault" nor "battery" are defined in the home invasion or aggravated domestic assault statutes, but "Michigan generally defines an assault as 'either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery.' " *People v Meissner*, 294 Mich App 438, 453-454; 812 NW2d 37 (2011), quoting *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Further, " '[a] battery is an intentional, unconsented and harmful or offensive touching of the person of another . . . .' " *Meissner*, 294 Mich App at 454, quoting *People v Reeves*, 458 Mich 236, 240 n 4; 580 NW2d 433 (1998).

Here, viewing the evidence in a light most favorable to the prosecution, a rational jury could conclude that defendant assaulted and battered Mancill. Mancill testified that when she was ready to leave the party, defendant "snatched" her car keys and drove to her house. Defendant then pushed his way into her home, uninvited, and shoved her to the floor. Although Mancill lay on the floor injured, defendant laughed at her and refused to help her. From this evidence, one could conclude that defendant intentionally, forcefully, and harmfully touched Mancill. "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). Although Mancill admitted that she did not call the police immediately after the incident, and told medical personnel that she slipped and fell, she also testified that she did not tell the truth at the time because she was afraid of defendant. "Witness credibility and the weight accorded to evidence is a question for the jury, and any conflict in the evidence must be resolved in the prosecution's favor." *People v McGhee*, 268 Mich App 600, 624; 709 NW2d 595 (2005). Further, despite Mancill's testimony that defendant was "pissy drunk," the record evidence failed to show that Mancill was accidentally knocked to the floor or that defendant lacked the requisite intent to commit a battery against Mancill. Thus, defendant's convictions were supported by sufficient evidence and his argument is without merit.

Next, defendant argues that the trial court erred by failing to instruct the jury on the lesser included offense of entering without the owner's permission. We disagree.

To preserve a claim of instructional error, a defendant must object to the instruction or request a specific instruction before the jury deliberates. MCL 768.29; MCR 2.512(C); *People v Gonzalez*, 256 Mich App 212, 225; 663 NW2d 499 (2003). Defense counsel neither objected to

the court's jury instructions nor requested an instruction regarding the lesser offense of entering without permission. In fact, defense counsel expressed satisfaction with the court's instructions. Prior to closing arguments, the court listed the instructions it intended to read to the jury. The court did not list an instruction for the offense of entering without permission. When asked if he had any additions to the instructions, defense counsel said no. Further, defense counsel expressly approved of the verdict form, which listed the possible verdicts as guilty or not guilty of first-degree home invasion, and guilty or not guilty of aggravated domestic assault. This Court has found that approval of jury instructions as given waives a claim of instructional error. *Henderson*, 306 Mich App at 8. Thus, defendant waived appellate review of this issue. But even if not waived, defendant's claim of instructional error lacks merit because a trial court has no duty to sua sponte instruct the jury regarding all lesser included offenses. *People v Reese*, 242 Mich App 626, 629 n 2; 619 NW2d 708 (2000).

Finally, defendant argues that he was denied the effective assistance of counsel because his attorney failed to request an instruction on the lesser included offense of entering without the owner's permission. We disagree. Because defendant raised this issue for the first time on appeal, our review is limited to errors apparent on the record. See *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

To establish ineffective assistance of counsel, a defendant must show that defense counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996). Effective assistance of counsel is presumed. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014). The defendant must overcome the presumption that defense counsel's alleged actions were simply sound trial strategy. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012).

First, an instruction on the offense of entering without permission was not supported by a rational view of the evidence because there was no legitimate dispute that defendant committed a felony or assault while in Mancill's home. See *People v Silver*, 466 Mich 386, 388; 646 NW2d 150 (2002). Second, defendant fails to overcome the presumption that defense counsel's decision not to request the instruction amounted to sound trial strategy. See *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013). During closing argument, defense counsel claimed that the prosecution failed to prove defendant forced entry into Mancill's home, and that forced entry was an element of first-degree home invasion. Although defense counsel misstated the law, because only entry without permission was required to prove first-degree home invasion, he was essentially arguing that defendant had permission to enter Mancill's home after the party. Defense counsel said, "So, we have two elements missing from home invasion. No forceful entry. He was let in." Therefore, requesting an instruction regarding the lesser included offense of entry without permission would have been inconsistent with defense counsel's strategy of trying to convince the jury that defendant entered Mancill's house *with* permission. Although this strategy may not have ultimately benefitted defendant, "this Court will not second-guess counsel regarding matters of trial strategy" or "assess counsel's competence with the

benefit of hindsight." *People v Rice* (*On Remand*), 235 Mich App 429, 445; 597 NW2d 843 (1999).  Accordingly, defendant's ineffective assistance of counsel claim is without merit.

Affirmed.


/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro