# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 24, 2016

Plaintiff-Appellee,

v

No. 325831
Oakland Circuit Court

ANTONIO MAURICE STOWERS,

LC No. 2014-250661-FH

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree home invasion, MCL 750.110a(2), and misdemeanor assault and battery, MCL 750.81(1). Defendant had also been charged with being a felon in possession of a firearm, MCL 750.224f, and two counts of felony-firearm, MCL 750.227b(1), but the jury acquitted defendant of the weapons charges. The trial court sentenced defendant as an habitual offender, fourth offense, MCL 769.13, to 10 to 40 years' imprisonment for home invasion and, concurrently, 93 days in jail for assault and battery. Defendant's charges arise out of his entry into an apartment without permission, wherein he pushed one of the apartment's occupants to the ground twice and allegedly also discharged a handgun twice. Defendant appeals his convictions by right. We affirm.

Defendant first argues that he was deprived of a fair trial because the trial court and both attorneys referred to prospective jurors by their badge numbers rather than their names. We disagree.

A jury is "anonymous" if the parties are denied access to certain information about the jurors that precludes meaningful voir dire, or if the anonymity compromises a defendant's presumption of innocence. *People v Hanks*, 276 Mich App 91, 93; 740 NW2d 530 (2007); *People v Williams*, 241 Mich App 519, 522-523; 616 NW2d 710 (2000). The evidence shows that defendant was in fact able to engage in a full voir dire and clearly did have access to personal information about the jurors that facilitated that voir dire. Defendant relies on a recommendation from this Court that juries should be advised that references to their numbers were strictly logistical. *Hanks*, 276 Mich App at 94. However, that is merely a recommendation, and in this case we can perceive no reason why the jury would have suspected anything exceptional. Furthermore, the trial court instructed the jury regarding defendant's presumed innocence, and his acquittal of the weapons charges strongly suggests that the jury

-1-

took the instruction seriously. In short, defendant's concerns are purely speculative and totally unsupported by anything in the record.

Defendant next argues that the trial court should have adjourned or continued the proceedings so that he could acquire defendant's mother, who was undergoing dialysis treatments that morning, to have her provide testimony on defendant's behalf. We disagree.

We note initially that although defense counsel never explicitly requested an adjournment, the trial court clearly articulated that it would not grant one, so we do not fault counsel for not making a futile gesture. However, we also note that no offer of proof was placed on the record, and even on appeal defendant only refers vaguely to her testimony being "directly relevant under MRE 401 to Appellant's defense that he did not enter the complainant's apartment and where he was at the time" and would show that "his mother's gun had not been removed from where she kept it, which would have further eroded complainant's testimony." Taking this at face value, the jury clearly already disbelieved the allegation that defendant had a gun, and we find it curious that even now defendant does not actually state outright that his mother would have provided an alibi, just that her testimony would be "relevant." In contrast, from what was placed on the record, it was readily apparent that defense counsel had already made valiant efforts to contact defendant's mother, who quite simply made herself effectively impossible to contact and refused to respond to counsel's entreaties, suggesting that she had no intention of testifying if she could help it. We find any prejudice defendant might have suffered to be too speculative to warrant reversal. See *People v Snider*, 239 Mich App 393, 421-422; 608 NW2d 502 (2000).

Next, defendant raises several issues in a supplemental brief filed in propria persona pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4.

Defendant first contends that trial counsel was ineffective for failing to ensure that alibi witnesses, including his mother, as discussed above, were available to testify. We disagree. "To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's representation prejudiced him so as to deprive him of a fair trial." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001). "A defendant must show that, but for the error, the result of the proceedings would have been different and that the proceedings were fundamentally unfair or unreliable." *Id*. In addition to the difficulties made by defendant's mother, defense counsel informed the court that he was unable to receive "any response from" either defendant's girlfriend or another potential witness. Their refusal to speak to him is justification enough for counsel's decision not to call them as witnesses. As discussed, we find any prejudice defendant might have suffered from his mother's absence to be speculative, and there is even less evidence regarding the other alleged witnesses. Consequently, we find counsel was not ineffective.

Defendant also argues in his Standard 4 brief that he is entitled to a new trial because the trial court failed to sua sponte instruct the jury on the lesser included misdemeanor offense of breaking and entering without permission. We disagree.

In *People v Silver*, 466 Mich 386; 646 NW2d 150 (2002), our Supreme Court held that breaking and entering without permission was a lesser included offense of first-degree home

invasion. *Id*. at 390-393. However, *Silver* only required that the instruction be given, among other things, when it is specifically requested by the defendant. *Id.* at 390. Neither *Silver* nor *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002), upon which defendant relies, held that a lesser included offense must be provided sua sponte. In this regard, both cases impliedly affirmed this Court's holding in *People v Reese*, 242 Mich App 626, 629; 619 NW2d 708 (2000), that "[a] trial court must instruct the jury with respect to necessarily included lesser offenses upon request for such instructions." Case law has long held that "with the sole exception of first degree murder cases, failure of the trial court to instruct on lesser included offenses will not be regarded as reversible error, absent requests for such instructions before the jury retires to consider its verdict." *People v Henry*, 395 Mich 367, 374; 236 NW2d 489 (1975). See also *Reese*, 242 Mich App at 269 n 2, citing *Henry*, 395 Mich at 374 ("We recognize that a court generally has no duty to instruct the jury sua sponte regarding all lesser included offenses.").

Accordingly, we conclude that the trial court did not commit plain error affecting defendant's substantial rights when it chose to not provide the lesser included instruction of breaking and entering without permission sua sponte.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-3-