*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NICHOLAS AMOS MCDONALD,

        Defendant-Appellant.

UNPUBLISHED
September 17, 2020

No. 348243
Wayne Circuit Court
LC No. 18-008440-01-FC

Before: RIORDAN, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction for armed robbery, MCL 750.529. He was sentenced to 78 to 225 months of imprisonment. We affirm defendant's conviction and sentence, but remand for the limited purpose of correcting the statutory citation in defendant's judgment of sentence.[1] See MCR 7.208(A)(1) and MCR 7.216(A)(7).

The victim was riding his bicycle when a car drove up and defendant got out of the backseat. Defendant pointed a knife at the victim's stomach and threatened to stab him if he did not give up his money. The victim emptied his pockets. Defendant picked up the victim's belongings, got back in the car, and the car drove away. Defendant was charged with armed robbery, MCL 750.529, and unarmed robbery, MCL 750.530. After a bench trial, defendant was convicted of armed robbery, but acquitted of unarmed robbery. He now appeals.

Defendant raises the unpreserved argument that the trial court's verdicts were inconsistent, in violation of his due process rights and double jeopardy guarantees. We disagree.

---

[1] In its judgment of sentence, the trial court listed the statutory citation for the offense defendant was convicted of as MCL 750.530, which is unarmed robbery. It is clear from the record, however, that the trial court found defendant guilty of armed robbery, and defendant does not argue otherwise.

Unpreserved constitutional errors are reviewed for plain error affecting substantial rights. *People v Shafier*, 483 Mich 205, 211; 768 NW2d 305 (2009). An error warrants reversal under plain-error review if: (1) error . . . occurred, (2) the error was plain, (3) the plain error affected substantial rights, and (4) the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings. *People v Walker*, 504 Mich 267, 276; 934 NW2d 727 (2019). An error is plain if it is clear or obvious. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "An error has affected a defendant's substantial rights when there is 'a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings.' " *Walker*, 504 Mich at 276, quoting *Carines*, 460 Mich at 763. "A defendant bears the burden of persuasion with respect to prejudice." *Id*.

A verdict after a bench trial is inconsistent if it cannot be "rationally reconciled" with the factual findings of the court. *People v Ellis*, 468 Mich 25, 27; 658 NW2d 142 (2003). Here, because unarmed robbery is a necessarily included lesser offense of armed robbery, *People v Reese*, 242 Mich App 626, 630; 619 NW2d 708 (2000), the trial court recognized that it could not sentence defendant for both offenses without violating defendant's double jeopardy rights, *People v Dickinson*, 321 Mich App 1, 11; 909 NW2d 24 (2017), and entered a verdict of acquittal for unarmed robbery, when it would have been more appropriate to dismiss the unarmed robbery charge. As a result, defendant was acquitted of an offense that he could have been convicted of, and any error is harmless. *Carines*, 460 Mich at 763. Moreover, defendant was prosecuted once, and was convicted of and sentenced for one offense. As such, defendant's double jeopardy rights have not been infringed. *Dickinson*, 321 Mich App at 10 (the Double Jeopardy Clause of the United States Constitution affords three related protections: (1) against a second prosecution for the same offense after acquittal, (2) against a second prosecution for the same offense after conviction, and (3) against multiple punishments for the same offense).

Accordingly, we affirm defendant's conviction and sentence, but remand for the limited purpose of correcting the statutory citation in defendant's judgment of sentence. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle