*388 Taylor, J.
In People v Cornell, 466 Mich 335; 646 NW2d 127 (2002), we overruled contrary prior case law and explained that pursuant to MCL 768.32(1),[1] a trial court, upon request, should instruct the jury regarding any necessarily included lesser offense, or an attempt, irrespective of whether the offense is a felony or misdemeanor, if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense, and a rational view of the evidence would support it.
We further held that the failure to instruct the jury regarding such a necessarily lesser included offense is error requiring reversal, and retrial with a properly instructed jury, if, after reviewing the entire cause, the reviewing court is satisfied that the evidence presented at trial “clearly” supported the lesser included instruction.[2]
As explained below, consistent with People v Cornell, we hold that the trial court’s failure to instruct Mr. Silver’s jury regarding a necessarily included lesser offense was error requiring reversal.
I
The complainant, Amber Gardner, testified that on October 12, 1997, she left her home for approximately *389 ten to fifteen minutes to run to the store. When she left, the doors to her home were closed, but unlocked. Upon returning to her home, she heard a noise in the kitchen. When she entered the kitchen, she saw defendant standing there. She began yelling at him to leave. Ms. Gardner testified that as defendant was leaving through the back door, he commented that “I was just here to use your potty,” and then ran through the field behind her home.
Ms. Gardner also testified that she called 911, and Officer Robert Wesch arrived approximately three to five minutes later. She told him what defendant said as he left and that, at that time, she did not notice anything missing from her home. A few days later she said she told Detective Dennis Maurey that she believed that two to three weeks’ worth of change, accumulated on a dresser in her bedroom and visible through her bedroom window, was missing. Although the change was never recovered, it was this missing change that gave the circumstantial basis for the assertion that defendant had entered with the intent to commit a larceny.
Defendant testified that on the day of the incident, as he was walking in the neighborhood, he observed an elderly woman having trouble starting her lawn mower. He offered to help her and ended up mowing her whole yard. When he asked to use her bathroom, she would not let him because she did not know him. Defendant indicated his brother lived in the neighborhood, so he left the woman’s home and went to his brother’s house. However, his brother was not home. The only other person he knew in the area was Ms. Gardner, with whom he had a “wave back and forth” relationship because he had helped her, about six *390 months earlier, move some boxes into her house. He decided to go to her house, which was about half a block from his brother’s, to see if he could use the bathroom. When he arrived, he knocked on the door, and, receiving no, response, he opened the door and asked if anyone was home. Receiving no reply, he went in and used the bathroom. As he was leaving through the back door, he heard a noise and Ms. Gardner entered the kitchen. She yelled at him to get out. As he was leaving, he told her that he was sorry and that he had just used the bathroom.
On rebuttal, Ms. Gardner denied that she had ever met defendant, that he had helped her carry boxes into her home, or that she and defendant would exchange waves when they saw each other.
The trial court instructed the jury regarding the charged offense of first-degree home invasion MCL 750.110a(2),[3] but denied defense counsel's request that the jury be instructed on the lesser included offense of breaking and entering without permission, MCL 750.115(1).[4]
*391 The trial court denied the request, indicating that it might cause some confusion to give the requested instruction and that if the jury believed defendant it would be duty bound to acquit him: The juiy returned a verdict of guilty of the charged offense.
Defendant appealed, and the Court of Appeals affirmed his conviction in a divided opinion.[5] All three judges of the Court of Appeals panel determined that the trial court erred in refusing to give the instruction because the only element in dispute was whether defendant possessed the requisite intent to commit larceny and there was little danger that the jury would become confused. However, the majority, citing People v Lukity, 460 Mich 484; 596 NW2d 607 (1999), concluded that the error was harmless because it was not more probable than not that a different outcome would have resulted had the jury been given the lesser included instruction.
One judge dissented from the majority’s conclusion that the error was harmless. The dissent noted that the jury may have resolved any doubts it had about defendant’s intent in favor of conviction. Further, the dissent was not convinced that the majority’s application of Lukity was correct or that the comparison of the tainted and untainted evidence was the proper approach for addressing a jury instruction error. Additionally, the dissent noted that the situation was not one in which the jury had a choice of some other *392 lesser offense and had rejected it in favor of a conviction of a higher offense.
This Court subsequently granted defendant’s application for leave to appeal and ordered his case argued with People v Cornell.[6]
II
We hold that breaking and entering without permission is a necessarily included lesser offense of first-degree home invasion. Breaking and entering without permission requires (1) breaking and entering or (2) entering the building (3) without the owner’s permission. It is impossible to commit the first-degree home invasion without first committing a breaking and entering without permission. The two crimes are distinguished by the intent to commit “a felony, larceny, or assault,” once in the dwelling.
In this case the intent to commit a larceny in the house was clearly disputed at trial. Indeed, it was defendant’s unvarying position, unblemished by inconsistent statements, that there was an entry without permission, but that there was no intent to steal. The opening statement giving his theory of the case, the cross-examination of Ms. Gardner, as well as officer Wesch, and his closing argument were all directed to one end: that he was wrongfully inside the house, but did not intend to steal. The Legislature thinks such things can happen. After all, they made it a lesser crime to be in a house without permission if there is no felonious intent. Said plainly, the person that would be guilty of this would be a person inside, *393 surely with some motive, just not a criminal motive. If the jurors believed defendant was such a person, they realistically could not act on it unless they had an instruction that gave them that choice.[7] Not to give them an instruction that allowed them to agree with defendant’s view of the events in this case undermines the reliability of the verdict. The reason is that there was substantial evidence supporting the lesser offense of breaking and entering without permission. Accordingly, MCL 768.32(1) was violated.
RESPONSE to the dissents
Justice Weaver agrees that the trial court erred in failing to give the lesser offense instruction, but concludes the error was harmless. She finds incriminating that Silver was found in the kitchen, not the bathroom. However, Silver testified with the answer: he was in transit from the bathroom to the back door in this small[8] house. This is why he was in the kitchen. Rather than being damaging to Silver’s version of events, this fact is consistent with it.
*394 Justice Markman’s dissent is notable in that he is the one appellate judge out of the ten who have considered this case who finds that the trial court did not err at all. Save for him, all have agreed on the crucial issue that the lesser offense was supported by a rational view of the evidence. Justice Markman’s dissent seems to focus on what he perceives to be the irrationality of defendant’s story itself, i.e., whether it would have been rational to go into someone’s house simply to use the bathroom, rather than, in accord with Cornell, if a rational view of the evidence supports defendant’s story. It just must be said: maybe a gentleman such as Justice Markman would not do this, but a less discreet person just might. Once evidence that rationally supports a lesser crime has been introduced, its believability is for the jury to decide, not appellate judges.
On the basis of these considerations, we have concluded that the dissents misapprehend the strength of Silver’s claim. While a jury might not agree with his theory, there was substantial evidence to support it.
CONCLUSION
Accordingly, Silver is entitled to a new trial. The judgment of the Court of Appeals is reversed, as is Silver’s conviction, and this case is remanded for a new trial with a properly instructed jury.
Young, J., concurred with Taylor, J.

 Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

 A offense is “clearly” supported when there is substantial evidence to support the requested lesser instruction. People v Cornell, supra.

 MCL 750.110a(2) provides in relevant part:
A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
(a) The person is armed with a dangerous weapon.
(b) Another person is lawfully present in the dwelling.

 MCL 750.115(1) provides in pertinent part:
Any person who breaks and enters or enters without breaking, any dwelling, house,. . . without first obtaining permission to enter *391 from the owner or occupant, agent, or person having immediate control thereof, is guilty of a misdemeanor.

 Unpublished opinion per curiam, issued May 23, 2000 (Docket No. 212508).

 463 Mich 958-959 (2001).

 One might argue that the jury’ would have acquitted defendant if it believed his testimony. However, this is too facile. The United States Supreme Court rejected such an argument in Keeble v United States, 412 US 205, 212-213; 93 S Ct 1993; 36 L Ed 2d 844 (1973), when it stated:
[I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction . . . precisely because he should not be exposed to the substantial risk that the jury’s practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.

 The house had approximately 720 square feet.