651 N.W.2d 67 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Kenya HALL, Defendant-Appellee.
Docket No. 120231, COA No. 227845.
Supreme Court of Michigan.
September 27, 2002.
By order of March 5, 2002, the delayed application for leave to appeal from the *68 September 7, 2001 decision of the Court of Appeals was held in abeyance pending the decisions in People v. Cornell (Docket No. 115833) and People v. Silver (Docket No. 117024). On order of the Court, the decisions having been issued on June 18, 2002, 466 Mich. 335, 646 N.W.2d 127 (2002), and June 25, 2002, 466 Mich. 386, 646 N.W.2d 150 (2002), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., dissents and states as follows:
I would grant leave to appeal to consider whether the Court of Appeals erred in holding that the offense of conspiracy to commit second-degree murder does not exist. Defendant requested an instruction on this offense, but now disputes its existence. This case thus implicates our jurisprudence regarding waiver and forfeiture of error. See People v. Carines, 460 Mich. 750, 597 N.W.2d 130 (1999); People v. Carter, 462 Mich. 206, 612 N.W.2d 144 (2000).
Defendant was charged with first-degree murder, M.C.L. § 750.316, and conspiracy to commit first-degree murder, M.C.L. § 750.157a. At trial, the defense requested instructions on the lesser included offenses of second-degree murder, M.C.L. § 750.317, and conspiracy to commit second-degree murder. The court granted this request, and the jury found defendant guilty of second-degree murder and conspiracy to commit second-degree murder. Defendant was sentenced to concurrent terms of twenty-five to forty years in prison. The convictions and sentences were affirmed on direct appellate review.
Defendant later moved in the trial court for relief from judgment, arguing for the first time that the offense of conspiracy to commit second-degree murder does not exist. The trial court agreed and set aside the conspiracy conviction.
The Court of Appeals affirmed the trial court's decision.[1] It agreed with the reasoning in People v. Hammond, 187 Mich.App. 105, 466 N.W.2d 335 (1991), "that it is not logically consistent to be found guilty of planning an unplanned crime."[2]
A reasonable argument is available that conspiracy to commit second-degree murder is a crime. MCL 750.157a states: "Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy...." Second-degree murder is "an offense prohibited by law." MCL 750.317. Thus, "any person" who conspires with others to commit that offense is guilty of a conspiracy under the plain language of M.C.L. § 750.157a.
The Court of Appeals suggests that one cannot logically conspire to commit second-degree murder because an agreement to commit a murder necessarily entails premeditation and deliberation. I question that reasoning. The gist of a conspiracy is an agreement with another person. By contrast, first-degree premeditated murder requires an internal reflection: a defendant must take a second look and evaluate the major facets or a choice or problem. People v. Johnson, 460 Mich. 720, 733, 597 N.W.2d 73 (1999); People v. Furman, 158 Mich.App. 302, 308, 404 N.W.2d 246 (1987). It seems to be logically possible for a defendant to impulsively agree with another person to commit a murder without having taken a second look *69 or having evaluated the major facets of the situation.
I do not contend that impulsive agreements to kill are common. They probably are rare. The fact that an offense is rarely committed, however, does not mean that it does not exist.
We should also decide whether defendant invited the purported error when he asked the trial court to instruct the jury on conspiracy to commit second-degree murder, i.e., the very offense whose existence he now disputes. This Court recently granted leave to appeal in another case to review the "invited error" doctrine and its relationship to our jurisprudence regarding forfeiture and waiver of error. See People v. Jonathan Jones, 465 Mich. 972, 641 N.W.2d 594 (2002). At the very least, I would hold this case in abeyance pending our decision in Jonathan Jones.
I am troubled by the gamesmanship that has occurred in this case. This Court's prior lesser included offense jurisprudence allowed defendant to create an appellate parachute. Before our recent decision in People v. Cornell, 466 Mich. 335, 646 N.W.2d 127 (2002), a defendant was entitled to an instruction on a necessarily included lesser offense regardless of whether a rational view of the evidence would have supported such an instruction. See People v. Ora Jones, 395 Mich. 379, 236 N.W.2d 461 (1975); People v. Chamblis, 395 Mich. 408, 236 N.W.2d 473 (1975). In Cornell, we overruled Ora Jones and Chamblis and held "that a requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." Id. at 357, 646 N.W.2d 127. Thus, under Cornell, an instruction on conspiracy to commit second-degree murder would not be proper if, as defendant now claims, he could not logically have committed the crime. Defendant took advantage of our pre-Cornell case law: he requested and received an instruction on an offense that he now claims he could not rationally have committed. This gamesmanship should not be rewarded. Accordingly, I favor a grant or an abeyance pending our review of the invited error doctrine in Jonathan Jones.
NOTES
[1] Unpublished opinion per curiam, 2001 WL 1029647, issued September 7, 2001 (Docket No. 227845).
[2] Slip op at 4.