KELLY, J.
(dissenting). The issue before the Court is whether we should disregard 30 years of Michigan law *186 and overrule People v Lester[1] and People v Ora Jones[2] in light of People v Lukity,[3] and People v Rodriguez.[4] I dissent from the majority’s decision to do so, and I would affirm the judgment of the Court of Appeals.
LESTER AND ORA JONES
Whenever the question whether there was an accident is central to a criminal case, a court’s failure to instruct the jury on the defense of accident requires automatic reversal. Lester and Ora Jones established this law many years ago, and I would not overrule it.
These two decisions recognize that a defendant is entitled to have the juiy weighing the evidence against him or her be properly instructed. They also recognize the difficulty a defendant has in meeting a “harmless error” standard of review in the event of an instructional mistake.
To prove that the failure to give an instruction on the defense of accident was not harmless, the defendant must be able to prove the jury’s thought process. Yet, it is nearly impossible for anyone not in the jury room to know how a jury reached its verdict. Hence, it is one of the most basic tenets of our judicial system that a court cannot attempt to journey behind a jury’s verdict or into the jury room. Lukity, supra at 509 (CAVANAGH, J., dissenting).
THE FIRST PRONG OF ROBINSON
The majority’s decision in this case represents a rejection of precedent. In Robinson v Detroit,[5] we articu *187 lated a two-part test for determining when it is proper for the Court to do so. A simplified statement of the test is this: it is proper to overrule a decision if (1) the case was wrongly decided and (2) there has not been extensive reliance on the decision so that striking down the precedent would not produce practical real-world dislocations. Robinson, supra at 466.
In applying this test, we first ask whether Lester and Ora Jones were wrongly decided. The majority finds that they were. It opines that they are inconsistent with § 26 of the Code of Criminal Procedure, MCL 769.26, and People v Lukity and People v Rodriguez, cases decided many years later.
MCL 769.26 “controls judicial review of preserved, nonconstitutional error.” Lukity, supra at 495. The question becomes whether Lester and Ora Jones are inconsistent with MCL 769.26, which has remained unchanged since it became effective in 1927. It provides:
No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.
This statute places the burden on the defendant to prove that a miscarriage of justice occurred. Lukity stated that what a defendant must prove is that more probably than not a preserved nonconstitutional error influenced the outcome of the trial. Lukity, supra at 495.
It is my belief that Lester and Ora Jones do not conflict with MCL 769.26. Rather, they recognize that *188 the failure to give the instruction where accident is a central issue results in a miscarriage of justice and undermines the reliability of the verdict. Because the error undermines the reliability of the verdict, it cannot be harmless. People v Krueger, 466 Mich 50, 54; 643 NW2d 223 (2002). The right to a properly instructed jury is fundamental to a criminal trial. Without the basic protection provided in Lester and Ora Jones, many criminal trials in this state would fail utterly to serve as a reliable vehicle for determining guilt. Arizona v Fulminante, 499 US 279, 310; 111 S Ct 1246; 113 L Ed 2d 302 (1991).
THE SECOND PRONG OF ROBINSON
This Court decided Ora Jones in 1975. The rule expressed there has been followed by numerous decisions of the Court of Appeals.[6] Yet, the majority insists that it has not become embedded or fundamental to societal expectations, that overruling it would not produce significant real-world dislocations. Surely 30 years of reliance creates a presumption that the rule in Ora Jones has become fundamental to our system of justice.
The majority states that “defendant did not act in reliance on Lester [] and Ora Jones when he produced an *189 automatic handgun and pointed it at the victim.” Ante at 184. This characterization of the test for determining whether overruling precedent produces significant real-world dislocations is obviously ridiculous when applied to precedent of the type involved here. However, it is not far-fetched to say that defendant knew that someone might be accidentally shot during his skirmish with Jeffries. He was entitled to rely on the fact that the judge would tell the jury that his defense was that there had been an accident.
In addition, defense counsel had an embedded expectation that if he presented evidence of an accident at trial, the court would instruct the jury on that defense. But there is another major disruption to the justice system caused by the overturning of Lester and Ora Jones: Now an innocent defendant can be convicted if unable to carry the enormous burden of proving a different outcome but for the judge’s failure to give an accident instruction.
In summary, Lester and Ora Jones do not contradict MCL 769.26. Moreover, the majority cannot gainsay that dislocations will arise after 30 years of reliance on Ora Jones by the courts of this state.
APPLICATION OF LUKITY
Notwithstanding my belief that the error involved in this case always requires automatic reversal, the majority’s ruling in Lukity requires it.
The majority in this case was the same majority in Lukity. It states that the failure here to instruct the jury on Frank Hawthorne’s accident defense did not undermine the reliability of the verdict against him. It relies on the fact that the court instructed the jury on statutory involuntary manslaughter.
*190 The majority hypothesizes that the jury had no doubts about defendant’s guilt of second-degree murder. Otherwise, it reasons, the jury would have convicted defendant of statutory involuntary manslaughter. The majority believes that, because the jury found that defendant’s intent was not simply to point a weapon at the victim, the jury would have disregarded an accident defense instruction. That is sheer guesswork.
Only four years ago, this Court rejected the very logic used by the majority now. People v Silver, 466 Mich 386; 646 NW2d 150 (2002).[7] Silver held that it was not harmless error for the trial court to fail to instruct the jury on a lesser included offense. It reasoned that “[n]ot to give [the jurors] an instruction that allowed them to agree with defendant’s view of the events... undermines the reliability of the verdict” and violates MCL 768.32(1). Id. at 393. The majority does not and cannot reconcile its opinion here with its pronouncement in Silver.[8]
It is undisputed that, at various points throughout the trial in this case, defendant presented evidence that the shooting was an accident. Even so, the trial court failed to give defendant’s requested accident instruction. As in Silver, defendant was thereby deprived of a jury instruction on his view of the events. Therefore, just as in Silver, the failure here to give the instruction undermined the reliability of the verdict.
*191 This is emphasized by the majority’s supposition about the rationale used by the jury in its verdict. Such a guessing game is inconsistent with this Court’s precedent and the general concept of fair proceedings as recognized in Lukity and People v Carines, 460 Mich 750; 597 NW2d 130 (1999).
CONCLUSION
I would not overrule the 30 years of precedent laid down by Lester and Ora Jones. Neither of these cases is inconsistent with MCL 769.26. Also, I would find that defendant met his burden of showing that the trial court’s failure to instruct the jury on the accident defense undermined the reliability of the verdict.
The Court of Appeals judgment should be affirmed.
CAVANAGH, J., would deny leave to appeal.

 406 Mich 252; 277 NW2d 633 (1979).

 395 Mich 379; 236 NW2d 461 (1975), overruled on other grounds in People v Cornell, 466 Mich 335, 357-358; 646 NW2d 127 (2002).

 460 Mich 484; 596 NW2d 607 (1999).

 463 Mich 466; 620 NW2d 13 (2000).

 462 Mich 439; 613 NW2d 307 (2000).

 E.g., People v Swaizer, unpublished opinion per curiam of the Court of Appeals, issued June 16, 2005 (Docket No. 253443); People v Brandt, unpublished opinion per curiam of the Court of Appeals, issued January 16, 2001 (Docket No. 218588); People v Fugate, unpublished opinion per curiam of the Court of Appeals, issued January 19, 1999 (Docket No. 204109); In re Evans, unpublished opinion per curiam of the Court of Appeals, issued February 27, 1998 (Docket No. 203019); People v Glover, 154 Mich App 22; 397 NW2d 199 (1986); People v Peery, 119 Mich App 207; 326 NW2d451 (1982); People v Owens, 108 Mich App 600; 310 NW2d 819 (1981); People v Newman, 107 Mich App 535; 309 NW2d 657 (1981); People v Ritsema, 105 Mich App 602; 307 NW2d 380 (1981); People v Martin, 100 Mich App 447; 298 NW2d 900 (1980); People v Morris, 99 Mich App 98; 297 NW2d 623 (1980); People v Stanley Jones, 69 Mich App 459; 245 NW2d 91 (1976).

 There are several concurring and dissenting opinions in Silver. Justices Taylor, Young, Cavanagh, and I comprised the majority. We agreed that the same logic that the majority uses in this case is improper.

 The majority argues that this case does not conflict with Silver because the automatic reversal rule was not involved in Silver. The argument is unpersuasive. In Silver, the failure to properly instruct the jury on the defendant’s version of events was enough to undermine the jury’s verdict. That same failure to properly instruct equally undermines the jury’s verdict in this case, making the error anything but harmless.