# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 17, 2016

Plaintiff-Appellee,

v

No. 327813
Wayne Circuit Court
LC No. 15-000558-01-FC

DAMIAN MARTEZ JONES,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant to life imprisonment without parole for the murder conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. We affirm.

Defendant's convictions arise from the October 4, 2013 shooting death of Ryan Buchanan in Detroit. Witnesses Vinson Lewis, the decedent's uncle, and Sherry Hart, an acquaintance of defendant, each testified that defendant fired several shots at the decedent as the decedent ran from the scene. Tianna Calloway, defendant's girlfriend, testified that she saw defendant on October 6, 2013, but then did not see him again for several months until she found him living with relatives in Louisiana. Defendant presented a claim of self-defense. He testified that he was riding in a car with Hart and Tiwaun Calloway, and that he shot the decedent one time in self-defense after the decedent flagged down the car and pointed a gun at Tiwaun.

For his first argument, defendant asserts that the trial court erred by denying his request for a jury instruction on voluntary manslaughter, MCL 750.321, as a lesser-included offense of murder. An issue of law arising from jury instructions is reviewed de novo, but a trial court's decision regarding the applicability of an instruction to the facts of the case is reviewed for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

"[A]n inferior-offense instruction is appropriate only if the lesser offense is necessarily included in the greater offense, . . . and a rational view of the evidence would support such an instruction." *People v Mendoza*, 468 Mich 527, 533; 664 NW2d 685 (2003); see also *People v Smith*, 478 Mich 64, 69; 731 NW2d 411 (2007). "Manslaughter is a necessarily included lesser offense of murder." *Gillis*, 474 Mich at 137. Thus, "when a defendant is charged with murder,

-1-

an instruction for voluntary . . . manslaughter must be given if supported by a rational view of the evidence." *Mendoza*, 468 Mich at 541. However, where a trial court denies a request for a jury instruction, reversal of the trial court's decision is appropriate "only where the offense was clearly supported by the evidence; an offense is clearly supported where there is substantial evidence to support it." *People v McMullan*, 488 Mich 922; 789 NW2d 857 (2010), citing *People v Silver*, 466 Mich 386, 388; 646 NW2d 150 (2002). An appellate court is required to review all evidence, regardless of who produced it, "to determine whether it provides a rational view to support an instruction on a lesser charge." *McMullan*, 488 Mich at 922.

"The elements of voluntary manslaughter are: '(1) the defendant must kill in the heat of passion, (2) the passion must be caused by an adequate provocation, and (3) there cannot be a lapse of time during which a reasonable person could control his passions.' " *People v McMullan*, 284 Mich App 149, 156; 771 NW2d 810 (2009), aff'd 488 Mich 922 (2010), quoting *People v Sullivan*, 231 Mich App 510, 518; 586 NW2d 578 (1998). The provocation necessary to reduce murder to manslaughter is "that which would cause a reasonable person to lose control." *People v Tierney*, 266 Mich App 687, 715; 703 NW2d 204 (2005) (citation omitted).

Lewis testified that after the car in which defendant was riding stopped near the decedent, defendant got out of the car and pointed an AK-47 at the decedent. The decedent put his hands in the air, and then turned and ran from defendant. Defendant then fired several shots, and the decedent fell to the sidewalk. Defendant testified that when the car stopped near the decedent, Tiwaun exited and approached the decedent. The decedent drew a gun and pointed it at Tiwaun, and stated that he intended to rob the group. Defendant stated that he then grabbed the AK-47, exited the car, and took cover. He fired one shot after he heard the decedent's gun click, and after attempting unsuccessfully to fire more shots, he ran from the scene.

The only evidence that defendant cites in support of his argument is his own. However, defendant testified that he was armed as he crouched behind the car. He did not testify that the decedent pointed a gun at him at any time. Defendant makes no effort to establish that his reaction (as established by his own testimony) was one of a person who had lost control. *Tierney*, 266 Mich App at 715. Even though manslaughter is a necessarily included lesser offense of murder, a rational view of the evidence did not support the giving of an instruction on manslaughter. Accordingly, the trial court did not err in denying defendant's request for a manslaughter instruction.

Next, defendant argues that he is entitled to a new trial because the trial court failed to instruct the jury that Tianna left the courtroom in the presence of deputies because she testified pursuant to a witness detainer. Although defense counsel expressed concern that Tianna had left the courtroom in the presence of deputies, he did not request any curative instruction by the trial court. Therefore, this issue is not preserved for appellate review. *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010). We review unpreserved issues for plain error (i.e., an error that is clear or obvious) affecting defendant's substantial rights (i.e., the error is outcome determinative). *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Defendant cites no authority in support of his assertion that the trial court was required to give a curative instruction to explain Tianna's exit from the courtroom, and thus has failed to meet his burden of establishing a plain error. Moreover, the trial court's failure to give a curative

instruction did not affect defendant's substantial rights. Tianna was not an eyewitness to the shooting, and thus, could not give an account of the events surrounding the shooting. She only testified that defendant vanished after the shooting, and did not let her know of his whereabouts. Her testimony could not be considered exculpatory for defendant. Under these circumstances, the trial court's failure to give a curative instruction was not outcome-determinative.

Next, defendant argues that he is entitled to a new trial because the trial court's conduct pierced the veil of judicial impartiality. Defendant complains that (1) the trial court belittled defense counsel when it characterized an argument made by defense counsel during closing argument as having been made in "bad faith" because it was not based on facts in evidence, and (2) the trial court improperly questioned witnesses, creating an appearance of advocacy in favor of the prosecution.

We review questions of constitutional law de novo. *People v Stevens*, 498 Mich 162, 168; 869 NW2d 233 (2015). But because defendant did not object to the trial court's conduct at trial, this unpreserved issue is reviewed for plain error affecting defendant's substantial rights. *Carines*, 463 Mich at 763-764.

During closing argument, defense counsel questioned how the decedent happened to be in the area where the shooting took place. Counsel stated, "Would it bother you, the jury, if you were to look at these text messages on the phones in terms of who communicated with who, if Mr. Lewis, if Mr. Lewis had said to his nephew, make sure you distract him until I get there so I get a clean shot." The prosecutor objected on the ground that counsel's argument was not supported by any evidence. Following a sidebar conference, the trial court instructed the jury to disregard defense counsel's statement, which the trial court characterized as a "bad-faith question."

In *Stevens*, our Supreme Court stated:

> A trial judge's conduct deprives a party of a fair trial if the conduct pierces the veil of judicial impartiality. A judge's conduct pierces this veil and violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party. In evaluating the totality of the circumstances, the reviewing court should inquire into a variety of factors including, but not limited to, the nature of the trial judge's conduct, the tone and demeanor of the judge, the scope of the judicial conduct in the context of the length and complexity of the trial and issues therein, the extent to which the judge's conduct was directed at one side more than the other, and the presence of any curative instructions, either at the time of an inappropriate occurrence or at the end of trial. [*Stevens*, 498 Mich at 164.]

A trial court's comment that is critical of or hostile to an attorney is generally insufficient to pierce the veil of judicial impartiality. *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011). In this case, defendant does not dispute the trial court's determination that defense counsel's statement was based on facts not in evidence. The trial court's remark was isolated, it

was made during a lengthy trial, and it was made in response to an improper statement by defense counsel. Furthermore, during its final instructions to the jury, the trial court stated:

> It is my duty to see that the trial is conducted according to the law and to tell you the law that applies to this case. However, when I make a comment or give an instruction, I'm not trying to influence your vote or express a personal opinion about the case. If you believe that I have an opinion about how you should decide this case, you must pay no attention to that opinion. You are the only judges of the facts, and you should decide this case from the evidence.

Considering the totality of the circumstances, the trial court's isolated remark did not pierce the veil of judicial impartiality.

Defendant also complains that his trial was tainted by the trial court's continual questioning of witnesses. It is well-established that "[t]he court may interrogate witnesses, whether called by itself or by a party." MRE 614(b). A court properly may question witnesses to elicit additional relevant information or to clarify testimony. *People v Conyers*, 194 Mich App 395, 404; 487 NW2d 787 (1992). However, the court cannot pierce the veil of judicial impartiality. *People v Davis*, 216 Mich App 47, 50; 549 NW2d 1 (1996). In *Stevens*, 498 Mich at 171, our Supreme Court stated:

> A judge's conduct pierces this veil and violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party.

Defendant does not attempt to establish how the court's questions improperly influenced the jury. Although he seems to imply that the very fact that the trial court asked numerous questions had that effect, a defendant cannot merely announce his position and leave it to this Court to find and rationalize the basis for his claim. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009). Moreover, by failing to make any effort to show how the court's questions created the appearance of advocacy or partiality in favor of the prosecution, defendant cannot meet his burden of establishing a plain error.

In addition, when instructing the jury, the trial court told the jury that the court's "comments, rulings questions and instructions" were not evidence, and that the jury was not to consider the trial court's questions or statements as evidence. A jury is presumed to follow its instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Thus, the record does not support defendant's assertion that it is reasonably likely that the trial court's questioning of witnesses influenced the jury to his detriment.

Finally, defendant argues that a new trial is required because of defense counsel's ineffective assistance at trial. Because defendant did not move for a new trial or an evidentiary hearing in the trial court, and this Court denied his motion to remand, our review is limited to mistakes apparent on the record. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005). Counsel is presumed to have afforded effective assistance, and defendant bears the burden of proving otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Counsel must have made errors so serious that he was not performing as the "counsel" guaranteed by the federal and state constitutions. US Const, Am VI; Const 1963, art 1, § 20; *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). Counsel's deficient performance must also have resulted in prejudice. To demonstrate prejudice, defendant must show a reasonable probability that but for counsel's error, the result of the proceeding would have been different, *id*. at 600, and that the result that did occur was fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007).

We reject defendant's assertions that trial counsel was ineffective by (1) failing to object or request a mistrial after the trial court characterized counsel's remark during closing argument as a "bad-faith question," (2) failing to object to the trial court's practice of questioning witnesses, in particular Tianna, and (3) failing to move for a mistrial or request a curative instruction after the jury saw Tianna leave the courtroom in the presence of deputies are without merit. Counsel "is not required to advocate a meritless position." *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). As previously indicated, the trial court did not pierce the veil of judicial impartiality by characterizing counsel's remark as a "bad faith question." In addition, the trial court was entitled to question witnesses and defendant has not demonstrated that the court's questions pierced the veil of judicial impartiality by creating an appearance of advocacy in favor of the prosecution. Further, the trial court's failure to give a curative instruction to explain Tianna's departure from the courtroom did not constitute plain error. Any objection or request for a mistrial under these circumstances would have been rejected.

Defendant complains that trial counsel was ineffective for failing to object to the prosecution's use of his post-arrest silence and by failing to move for a *Walker* hearing[1] to seek exclusion of his statement to the police. These claims are also without merit. Defendant did not remain silent after his arrest. On the contrary, he gave a statement to Detective Houser. Defendant testified that the statement was made voluntarily, and he acknowledged that he did not tell Houser that he fired at the decedent in self-defense. Because defendant waived his right to remain silent and chose to give a statement, trial counsel was not ineffective by failing to make a futile objection to the prosecution's questions regarding defendant's failure to tell Houser that he fired in self-defense. *Snider*, 239 Mich App at 425.

Trial counsel was also not ineffective for failing to obtain the transcripts from defendant's preliminary examination or from Tiwaun's trial in order to impeach prosecution witnesses. Trial counsel's decision regarding what questions to ask a witness, and the failure to question a witness, are matters of trial strategy and constitute ineffective assistance only when the failure deprives the defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). " 'A substantial defense is one that might have made a difference in the outcome of the trial.' " *People v Marshall*, 298 Mich App 607, 612; 830 NW2d 414 (2012),

---

[1] A hearing pursuant to *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965), examines the voluntariness of a defendant's statement to the police.

vacated in part on other grounds 493 Mich 1020 (2013), quoting *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Defendant points to nothing in the testimony of Lewis from Tiwaun's trial regarding the alleged witness "O" or his refusal to view a lineup that could be considered exculpatory or that might have made a difference in the outcome of his trial. Counsel's failure to call Officer Robinson did not constitute ineffective assistance because another witness, Officer Haines, provided testimony about the location of evidence found at the scene. Defendant points to nothing in Robinson's testimony at Tiwaun's trial that would have contradicted Haines's testimony in this trial. Counsel's failure to ask Officer King whether the shooters drove by the scene could not have made a difference in this trial because, on direct examination by the prosecutor, King testified that Vinson informed her that the shooters were driving by the scene. Counsel's failure to point out that at Tiwaun's trial Detective Houser testified that the decedent's gun was sent for testing, but that he made the opposite statement at defendant's trial, would not have been exculpatory. The undisputed evidence showed that the decedent owned the gun and that no bullets found at the scene could have been fired from the decedent's gun. And, defendant testified and admitted that he shot the decedent. Defendant has not established a reasonable probability that trial counsel's failure to further question witnesses made a difference in the outcome of the trial.

Defendant's argument that counsel rendered ineffective assistance by advising him to take the stand and testify is also without merit. A criminal defendant has the right to testify in his own defense. US Const, Ams V, VI, XIV. Trial counsel must inform a defendant of this right, but the decision to testify belongs to defendant alone. *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). The trial court questioned defendant regarding his decision to testify and told defendant that the decision to testify was his alone, and defendant stated on the record that he chose to testify. Defendant points to nothing in the record that establishes that counsel's advice was inadequate or prejudicial. *Carbin*, 463 Mich at 600.

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello