# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALAIN FRASER KLINGBAIL,

Defendant-Appellant.

UNPUBLISHED
July 25, 2017

No. 332903
Grand Traverse Circuit Court
LC No. 15-012263-FH

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of first-degree home invasion, MCL 750.110a(2). The court sentenced defendant as a third habitual offender, MCL 769.11, to 36 to 240 months' imprisonment. We affirm.

## I. FACTS

Defendant's conviction stems from his entry into the home of Margaret Gregory. At approximately midnight on October 14, 2015, defendant pounded on the door of Gregory's home. She dialed 911, and Traverse City Police Officer Ryan Taylor responded to the call. He arrived to see defendant break open the door and enter the home. When Officer Taylor got inside, he found defendant standing over Gregory in the living room, with his hands near her neck. After repeated attempts, Officer Taylor and Traverse City Patrol Supervisor Kevin Gay subdued and handcuffed defendant.

Defendant was initially charged with first-degree home invasion and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), and was subject to a third habitual offender enhancement. The prosecution's felony complaint, filed on October 16, 2015, set forth the prosecution's theory relative to the first-degree home invasion charge. Specifically, the complaint stated that defendant "did break and enter, or did enter without permission a dwelling located at 868 E. State Street, *with the intent to commit an assault therein*, and while entering, present in, or exiting the dwelling Margaret Gregory, was lawfully present therein; contrary to MCL 750.110a(2)." (Emphasis added.) Based on *that* complaint, defendant and his appointed counsel, David Clark, appeared in the district court for a preliminary examination on November 6, 2015. Rather than participating in a preliminary examination, however, defendant entered into a plea agreement where he pleaded no contest to third-degree home invasion, MCL 750.110a(4),

-1-

subject to a five-year maximum sentence with all other charges being dismissed. After a colloquy with defendant and his counsel, the district court accepted defendant's plea.

Several days later, the prosecutor signed a felony information again charging defendant with first-degree home invasion on the theory that he broke and entered Gregory's house with the intent to commit an assault therein. Then, less than a week after defendant pleaded no contest to third-degree home invasion, he retained a new attorney, John Ferguson, and filed a motion to withdraw his plea. Defendant set forth the following reasons for withdrawing his plea: (1) he was under the misapprehension that pleading no contest did not have the same consequences as a guilty plea; (2) he believed that there would be further proceedings in the circuit court; (3) the proceedings occurred quickly and may have contributed to the unclear nature of his understanding; and (4) nothing in the police report contained any evidence to show that defendant had an intent to commit a crime once inside Gregory's house, nor that once he was inside the house, he assaulted, battered, wounded, resisted, obstructed, and endangered the arresting officer who immediately Tasered defendant.

The circuit court heard defendant's motion to withdraw on December 11, 2015. Consistent with the motion, Ferguson argued that defendant did not understand that a no-contest plea meant he was entering into a guilty plea to the charge, and that defendant thought that there would be further proceedings after his no-contest plea. Reiterating the lack of time to discuss the matters with his prior counsel, defendant argued that his plea was not intelligently made. During the course of the hearing, the court noted defendant's above average high school grades and the fact that the plea he had agreed to had very favorable terms. Nevertheless, after full disclosure of the risks of withdrawing, the court granted the motion.

After the circuit court granted defendant's motion to withdraw the plea, the prosecutor signed an amended felony information and changed the theory for first-degree home invasion. Rather than positing that defendant entered the home with the intent to commit an assault, the amended felony information set forth the theory that defendant committed a felony—assaulting, resisting, or obstructing a police officer—while present in Gregory's home. It was that amended felony information that would be the basis for the prosecution's theory at trial.

Following trial and his conviction for first-degree home invasion, defendant moved for a new trial on the basis that he received ineffective assistance of counsel during the plea proceedings. The circuit court conducted an evidentiary hearing on the motion, during which defendant (now utilizing his original appointed counsel, Clark), defendant's girlfriend, Falon Babineau, and Ferguson testified, and issued a thorough written opinion denying defendant's motion. After setting forth the controlling law governing ineffective assistance of counsel arguments, the circuit court made the following findings relative to the circumstances surrounding defendant's request to withdraw the initial no-contest plea:

> There is no question that the decision to withdraw the plea was ill advised. The undisputed facts were that the intoxicated Defendant had forcibly entered the home of an elderly woman late at night. The admitted presence of the woman in her own home together with the forcible entry would not support a charge on a lesser offense. Further, it has never been this Court's practice to routinely accept no-contest pleas and enable alcoholics or binge-drinking felons to obtain pleas

without admitting responsibility for their behavior. It was made clear to the Defendant at the time of his motion that if he withdrew his plea there would be no further negotiations and we would proceed directly to trial.

\* \* \*

Referring back to the standards for ineffective assistance of counsel, the Court finds that Mr. Ferguson's performance during the trial was consistent with that of a lawyer of ordinary training and skill in the criminal law and that he conscientiously protected his client's interests and had no conflicting considerations.

The focus of the Defendant's motion centers on the second prong, which is whether defense counsel made a serious mistake during a court proceeding. Here, the alleged mistake is counseling the Defendant to withdraw his plea in the hopes of negotiating a misdemeanor plea which would allow him to pursue his goal of opening a restaurant and establishing a bar. As previously indicated the Defendant is not incompetent but has at least average intelligence. He had read the police report and was well aware of the People's opinion that he had committed resisting and opposing a police officer while inside the home. He knew he could not testify due to a claimed lack of memory. His Court-appointed lawyer had obtained for him an extraordinarily favorable plea agreement on the facts. While the Defendant hoped that he might obtain a plea to a misdemeanor, the People were neither under an obligation to offer one nor had they ever indicated any inclination to do so. The death of the victim seemed to only solidify the People's desire to move forward with the trial.

\* \* \*

The Defendant has been calculating in his behavior throughout these proceedings. He admitted his first contact with Mr. Ferguson preceded the plea offer that was originally accepted in the District Court. The Defendant was happy to have Mr. Clark as his attorney because he had been an attorney for his girlfriend's family for a number of years. He wanted to see what Mr. Clark could do for him. Mr. Clark obtained a one-day-only offer which the Defendant accepted. When the siren call of Mr. Ferguson came again, he chose to reject the certainty of a 5-year plea and 0- to 17-months sentencing guidelines for the uncertainty of a trial result and any further plea negotiations. His retained attorney discussed with him the various risks associated with rejecting the plea but admitted that he supported the Defendant's decision to proceed to trial. Given that the Defendant's state of intoxication and intent were not defenses, this was a highly risky choice but one made after a plea had already been entered and with substantial time to think and reflect upon the choice.

Effective assistance of counsel is presumed and the defendant bears the "heavy burden" of proving otherwise. Here, the Defendant has failed to establish the factual predicate for his claim of ineffective assistance of counsel. You

cannot simply roll the dice, proceed to trial, receive an adverse verdict and then suggest that it is your lawyer's fault and you should be allowed to start anew. The Defendant was properly charged with Home Invasion – 1st Degree and properly convicted of doing so. The withdrawal of the plea and gamble on the hopes of a misdemeanor conviction proved to be a losing bet but not one which this Court choses [sic] to enable by laying culpable blame on his attorney. Mr. Ferguson's support of the Defendant's bad decision was foolish. But, as is so often the case, the Defendant is the author of his own misfortune.

Defendant now appeals as of right.

## II. ANALYSIS

### A.  JURY INSTRUCTION

Defendant first argues that the court abused its discretion when it denied his request for a jury instruction on breaking and entering without permission, MCL 750.115(1). "We review de novo a claim of instructional error involving a question of law." *People v Jones*, 497 Mich 155, 161; 860 NW2d 112 (2014). "However, a circuit court's decision as to whether a requested lesser-included-offense instruction is applicable under the facts of a particular case will only be reversed upon a finding of an abuse of discretion." *Id*. A court abuses its discretion when it chooses an outcome outside the range of principled outcomes. *Id*.

Generally, a criminal defendant is entitled to have the jury instructed on lesser included offenses. MCL 768.32(1). To be a lesser included offense, the elements of the greater offense must subsume the elements of the lesser offense. *People v Wilder*, 485 Mich 35, 41; 780 NW2d 265 (2010). "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002).

Defendant asserts that he was entitled to an instruction on breaking and entering without permission because he lacked the intent to commit a crime in Gregory's home as a result of his intoxication and mistaken belief that he was entering the home in which he was staying at the time. Although breaking and entering without permission is a lesser included offense of first-degree home invasion, *People v Silver*, 466 Mich 386, 392; 646 NW2d 150 (2002), a rational view of the evidence would not have supported the instruction. At trial, the prosecution introduced evidence that defendant resisted arrest while in Gregory's home. Officer Taylor testified that he repeatedly told defendant to get on the ground. Defendant failed to comply, and at one point turned toward Officer Taylor in "fighting mode," with his fists clenched. Fearing an assault, Officer Taylor used his Taser to knock defendant to the floor. When defendant ignored Officer Taylor's order to get on the ground, and started getting up, he Tasered defendant a second time. Further, Patrol Supervisor Gay testified that he had to force handcuffs on defendant after defendant resisted several attempts. Given the evidence that defendant resisted arrest, and the lack of evidence that defendant entered Gregory's house by mistake, the court did not abuse

its discretion by denying defendant's request for a jury instruction on breaking and entering without permission.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that defense counsel Ferguson rendered ineffective assistance, both at the plea withdrawal stage of the case and at trial, and that the circuit court erred when it denied his motion for a new trial.

"This Court reviews for an abuse of discretion a trial court's decision to grant or deny a motion for a new trial." *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012). An abuse of discretion occurs when a court's decision "falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "The question whether defense counsel performed ineffectively is a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review a trial court's findings of fact for clear error, and review questions of constitutional law de novo. *Id.*

To evaluate ineffective assistance of counsel, we use the standard established in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Hoag*, 460 Mich 1, 5-6; 594 NW2d 57 (1999). The defendant must show: "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51-52. The effective assistance of counsel is presumed. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014).

We hold that the circuit court did not abuse its discretion when it denied defendant's motion for a new trial on the basis of ineffective assistance of counsel. For his argument that Ferguson rendered ineffective assistance at the plea withdrawal stage, defendant asserts that he withdrew his plea based on Ferguson's legally erroneous advice that home invasion requires specific intent. This argument lacks merit because (1) the trial court determined that defendant withdrew his plea in order to avoid a felony conviction and get a better plea deal, (2) defendant posited numerous reasons why he wanted to withdraw his plea, only one of which dealt with Ferguson's advice, and (3) Ferguson's advice was based upon the prosecution's theory at the time the plea was taken, which focused on defendant's intent outside the house, not on what occurred inside.

First, defendant fails to overcome the presumption that Ferguson's advice was the product of sound trial strategy. See *Trakhtenberg*, 493 Mich at 52. A defendant may be convicted of first or third-degree home invasion for either breaking and entering a dwelling with the intent to commit a crime inside, or for breaking and entering a dwelling, and then committing a crime once inside. MCL 750.110a(2) and (4).[1] Thus, home invasion does not require specific intent.

---

[1] MCL 750.110a provides, in pertinent part:

At the evidentiary hearing, defendant and Babineau testified that Ferguson insisted defendant should never have been charged with home invasion because he lacked any intent to commit a crime when he broke and entered Gregory's house. Indeed, Ferguson included this argument in defendant's motion to withdraw the plea, stating: "The police report is devoid of any fact that supports a conviction for home invasion because the crime of home invasion is dependent upon an element of proof that the defendant had some intent to commit a crime once inside." However, this reflected the prosecution's theory of the case at the time. The felony warrant dated October 16, 2015, charged defendant with first-degree home invasion on the basis that he entered Gregory's home with the intent to commit an assault therein. It was not until defendant had already withdrawn his plea that the prosecution filed an amended felony information, charging defendant with first-degree home invasion on the basis that he resisted arrest while inside Gregory's home. This suggests that Ferguson made a strategic decision to focus on defendant's lack of intent when he filed the motion to withdraw the plea, as that was the focus of the prosecution. "[T]his Court will not second-guess counsel regarding matters of trial strategy, and even if defense counsel was ultimately mistaken, this Court will not assess counsel's competence with the benefit of hindsight." *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999).

Second, the circuit court thoroughly considered and rejected defendant's argument that he withdrew his plea based on misinformation from Ferguson about the law, and the record supports the court's findings. For one thing, defendant's motion outlined numerous reasons why he sought withdrawal of the plea, including feeling rushed, not understanding the process, not

---

(2) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

* * *

(4) A person is guilty of home invasion in the third degree if the person does either of the following:

(a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor.

understanding the implications of pleading no contest, and that the evidence in the police report did not demonstrate the necessary intent to support the charges. Thus, the legal advice was one part of a multi-faceted attempt to get out of his plea, and the circuit court specifically found that defendant's primary motive was a desire to avoid a felony, and to game the system. Indeed, defendant admitted that he spoke with Ferguson about withdrawal because a felony conviction would prevent him from obtaining a liquor license for a restaurant he wanted to open. Because facts in the record support these findings, we cannot overturn or ignore those facts.

Third, the circuit court's findings that defendant was well-informed of the risks involved in withdrawing the plea, and was not rushed in that decision, are also not clearly erroneous. Although "[a] claim of ineffective assistance of counsel may be based on counsel's failure to properly inform the defendant of the consequences of accepting or rejecting a plea offer, *People v Douglas*, 296 Mich App 186, 205; 817 NW2d 640 (2012), rev'd in part on other grounds by 496 Mich 557 (2014), a "defendant must [still] show the outcome of the plea process would have been different with competent advice," *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (citation and quotation marks omitted).

The evidence on the record before us demonstrates, consistent with the circuit court's findings, that defendant fully understood the potential consequences of withdrawing his plea, but chose to withdraw anyways in hopes of besting the favorable deal negotiated by his original appointed counsel, Clark. Defendant admitted at the evidentiary hearing that Clark informed him he could be convicted of first-degree home invasion if he rejected the opportunity to plead no contest to third-degree home invasion and proceeded to trial. The district court made the same observation when it accepted defendant's plea at the preliminary examination, stating: "I've reviewed the pertinent portions of the police report. I do find an adequate factual basis that would support a conviction for Home Invasion 1st Degree; however, the conviction will enter on Home Invasion 3rd Degree, a five-year maximum felony[.]" Further, Ferguson testified at the evidentiary hearing that he spoke with defendant "early on" regarding the prosecution's theory that defendant committed home invasion by breaking and entering Gregory's house, and resisting arrest while inside. From this evidence, one could reasonably conclude that, despite defendant's argument to the contrary, he understood the circumstances of the break-in could support a charge of first-degree home invasion at the time he withdrew his plea.

For these reasons, the circuit court's decision to deny defendant's motion for a new trial did not fall outside the range of reasonable and principled outcomes, because record evidence supports the trial court's conclusion that (1) defendant was made aware of the consequences of withdrawing his plea by both courts and his attorneys, and (2) that defendant would have withdrawn his plea despite any advice provided by Ferguson.

The dissent ignores the record evidence that supports the circuit court's denial of defendant's motion, as well as the deference with which we must consider the court's findings and ultimate decision. The dissent too quickly dispatches with the trial court's findings of fact, which cannot be done under the clearly erroneous standard of review. *Trakhtenberg*, 493 Mich at 47. Indeed, the dissent ignores the circuit court's finding that defendant chose to withdraw "in the hopes of negotiating a misdemeanor plea which would allow him to pursue his goal of opening a restaurant and establishing a bar." The court found that defendant was gaming the system. The dissent's focus on Ferguson's one piece of legal advice misses the mark, for as

explained above, defendant's motion argued many more factors than just the legal advice from Ferguson, and the trial court found that defendant was motivated by avoidance of a felony so that he could start up a bar and restaurant. And although the court found defendant's decision to withdraw his plea ill advised, it concluded that defendant had a substantial time to reflect upon the decision, and discussed with Ferguson the risks associated. Further, neither the district court nor the circuit court had any obligation, as the dissent suggests, to list the elements of home invasion for defendant, or to advise defendant that he could be convicted of first-degree home invasion if he withdrew his plea.[2] The dissents view of the facts simply cannot supplant what the circuit court found as fact, when those findings are supported by record evidence.

Defendant's additional ineffective assistance of counsel arguments also lack merit. He asserts that Ferguson rendered ineffective assistance by failing to introduce any evidence at trial that he was mistaken as to the residence he chose to enter. "An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy," and failing to call witnesses only amounts to ineffective assistance if it deprives a defendant of a substantial defense. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation and quotation marks omitted).

At trial, Ferguson did not introduce any evidence to support the assertion that defendant mistakenly entered Gregory's home. However, defendant's argument is predicated on a misunderstanding of the elements of first-degree home invasion. Under the theory that defendant committed first-degree home invasion by breaking and entering Gregory's home and resisting arrest while inside, defendant's knowledge is not at issue.

Finally, defendant contends that Ferguson was ineffective for not calling him to testify. A defendant has a constitutional right to testify in his or her own defense. *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). Defense counsel must advise the defendant about the consequences of that choice, but "the ultimate decision whether to testify at trial remains with the defendant." *Id*. Thus, regardless of what counsel advised, the decision and its consequences rests with defendant.

Affirmed.

/s/ David H. Sawyer
/s/ Christopher M. Murray

---

[2] In contrast to *Lafler v Cooper*, 566 US 156; 132 S Ct 1376; 182 L Ed 2d 398 (2012), discussed at length by the dissent, the parties did not agree that Ferguson performed ineffectively. Because in *Lafler* the parties stipulated that counsel was ineffective, that decision has no bearing on our case that addresses whether Ferguson provided ineffective assistance.