# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RUTH POZDOL,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2017

No. 330198
Oakland Circuit Court
LC No. 2015-253404-FC

Before: TALBOT, C.J., and MURRAY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right her convictions, following a jury trial, of first-degree felony murder, MCL 750.316(1)(b), and carjacking, MCL 750.529a. The trial court sentenced defendant to life in prison without parole for the felony murder conviction and 17½ to 60 years in prison for the carjacking conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant's convictions arose from the January 18, 2015 carjacking and killing of Clifford Haywald outside a fast food restaurant in Waterford Township. Defendant admitted that she left a drug rehabilitation facility to obtain heroin and that she followed Haywald, a 76 year-old man, from a restaurant to his parked truck, where she took his keys and tried to drive away with his vehicle. As Haywald held onto the truck's door and steering wheel, defendant drove the truck forward and backward repeatedly until Haywald eventually fell to the pavement. He later died from his injuries; the medical examiner stated that the Haywald's injuries were caused by his body hitting the moving vehicle door or another part of the vehicle or by his body hitting the pavement, or by a combination of both. Defendant was apprehended after selling Haywald's truck for $200; she paid $50 to a person who had assisted her with the sale, and used the remaining money to purchase heroin.

At the close of proofs, defendant's counsel requested that the trial court instruct the jury regarding involuntary manslaughter. The trial court denied the request. Defendant was convicted and sentenced as described above. This appeal followed. Defendant filed a motion to

remand with this Court, asserting that her trial counsel's ineffective representation warranted a *Ginther*[1] hearing. This Court denied the motion.[2]

## II. ADMISSIBILITY OF EVIDENCE

Defendant argues that the trial court erred by admitting irrelevant and highly prejudicial evidence of defendant's drug purchases after the carjacking. We disagree.

We review for an abuse of discretion a trial court's decision to admit evidence. *People v Gipson*, 287 Mich App 261, 262; 787 NW2d 126 (2010). Abuse of discretion exists if the trial court's decision "falls outside the principled range of outcomes." *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). A trial court's decision on a close evidentiary question generally cannot be an abuse of discretion. *People v Sabin (After Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000).

Except as otherwise provided, all relevant evidence is admissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Here, the challenged evidence was admitted pursuant to MRE 404(b), which provides in pertinent part:

> (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

MRE 404(b) is a rule of inclusion that contains a non-exhaustive list of "non-character" grounds that may form the basis for evidence to be admitted. *People v Starr*, 457 Mich 490, 496; 577 NW2d 673 (1998). In determining the admissibility of other acts evidence under MRE 404(b), the trial court must decide: "first, whether the evidence is being offered for a proper purpose, not to show the defendant's propensity to act in conformance with a given character trait; second, whether the evidence is relevant to an issue of fact of consequence at trial; third, whether its probative value is substantially outweighed by the danger of unfair prejudice in light of the availability of other means of proof; and fourth, whether a cautionary instruction is appropriate." *People v Smith*, 282 Mich App 191, 194; 772 NW2d 428 (2009).

---

[1] *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973).

[2] *People v Pozdol*, unpublished order of the Court of Appeals, entered September 7, 2016 (Docket No. 330198).

The evidence of defendant's post-carjacking actions in purchasing drugs, using drugs, and selling the stolen vehicle to buy more drugs was admissible for a proper purpose. The prosecution argued that the evidence that defendant bought and used drugs and sold the vehicle to obtain more drugs was offered for the purpose of establishing motive and intent for the carjacking and killing. "Proof of motive in a prosecution for murder, although not essential, is always relevant, and evidence of other acts to prove motive is admissible under MRE 404(b)(1)." *People v Rice*, 235 Mich App 429, 440; 597 NW2d 843 (1999) (citation omitted). In this case, the evidence supported the conclusion that defendant's taking of Haywald's truck was motivated by her desire to purchase and use drugs.

Moreover, defendant's actions after taking Haywald's truck provided proof of her intent. Proof of intent is a recognized purpose for admitting evidence under MRE 404(b). *Starr*, 457 Mich at 495-496. The trial court instructed the jury on first-degree felony murder and second-degree murder, both of which include the element of malice. "First-degree felony murder is the killing of a human being with malice while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated." *People v Ream*, 481 Mich 223, 241; 750 NW2d 536 (2008) (quotation and citation omitted). Similarly, second-degree murder requires that a human being be killed with malice. *People v Goecke*, 457 Mich 442, 463-464; 579 NW2d 868 (1998). Malice is "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id*. In this case, the prosecution argued that defendant's fixation on heroin demonstrated her intent "to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id*.

Further, we reject defendant's contention that her actions after the carjacking were not relevant to her motive and intent because they had no connection with her actions at the restaurant parking lot. In support of her argument, defendant cites *People v Knox*, 469 Mich 502, 513-514; 674 NW2d 366 (2004), in which our Supreme Court, reversing the defendant's conviction, found in part that evidence of a child's past injuries should not have been admitted to convince the jury that the defendant had caused the current injuries, where there was no evidence connecting the defendant to the past abuse. Unlike the past child abuse in *Knox*, however, there is no question that defendant carried out the subsequent drug-related actions. Again, evidence that defendant left the scene and immediately purchased and used heroin, then sold the truck to obtain more heroin, tends to make it more probable than not that defendant had a motive for her actions and the requisite intent for the crimes. Accordingly, the other acts evidence relating to defendant's purchase and use of drugs was relevant to defendant's motive and intent for the carjacking and killing committed earlier that day.

Moreover, the evidence was not unfairly prejudicial. MRE 403. "Unfair prejudice exists only where either a probability exists that evidence which is minimally damaging in logic will be weighed by the jurors substantially out of proportion to its logically damaging effect, or it would be inequitable to allow the proponent of the evidence to use it." *People v Murphy (On Remand)*, 282 Mich App 571, 583; 766 NW2d 303 (2009) (quotation marks and citation omitted). The evidence of defendant's purchase and use of heroin shortly after taking Haywald's's truck was highly probative of defendant's motive and intent. And the evidence of defendant's subsequent drug use was not unduly prejudicial where there was other evidence that defendant had left a

drug rehabilitation facility on the morning of the carjacking and her defense was partly based on her lack of intent due to her heroin addiction. Finally, the jury was instructed regarding the limited purpose of this evidence. "Such a limiting instruction protects a defendant's right to a fair trial." *People v Kahley*, 277 Mich App 182, 185; 744 NW2d 194 (2007). Therefore, the trial court did not abuse its discretion in admitting the post-carjacking, other acts evidence.

## III. JURY INSTRUCTION

Defendant also argues that the trial court erred by denying her counsel's request for a jury instruction on involuntary manslaughter as a lesser included offense of murder. We disagree.

We review de novo a preserved claim of instructional error. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). However, "the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *Id*.

Defendant was charged with first-degree felony murder and carjacking for taking Haywald's truck from a restaurant parking lot and killing him in the process. Defendant admitted to the killing but claimed she lacked the intent necessary for a murder conviction. The trial court instructed the jury on both felony murder and second-degree murder but denied defense counsel's request for an instruction on involuntary manslaughter.

A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence presented against him. *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). "Jury instructions must therefore include all the elements of the charged offenses and any material issues, defenses, and theories that are supported by the evidence." *People v Fennell*, 260 Mich App 261, 265; 677 NW2d 66 (2004). Involuntary manslaughter is a necessarily included lesser offense of murder. *People v Mendoza*, 468 Mich 527, 541; 664 NW2d 685 (2003). Therefore, where a criminal defendant is charged with murder, the trial court should provide an instruction on involuntary manslaughter if it is supported by a rational view of the evidence. *People v McMullan*, 488 Mich 922, 922; 789 NW2d 857 (2010). Reversal of a trial court's decision regarding jury instructions is proper only if the offense was clearly supported by the evidence. *People v Silver*, 466 Mich 386, 388; 646 NW2d 150 (2002). An offense is clearly supported when substantial evidence to support it exists. *Id*. at 388 n 2. The reviewing court must therefore consider all of the evidence regardless of who produced it "to determine whether it provides a rational view to support an instruction on the lesser charge." *McMullan*, 488 Mich at 922.

"Involuntary manslaughter is the unintentional killing of another, without malice, during the commission of an unlawful act not amounting to a felony and not naturally tending to cause great bodily harm; or during the commission of some lawful act, negligently performed; or in the negligent omission to perform a legal duty." *Mendoza*, 468 Mich at 536. "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Goecke*, 457 Mich at 464.

The facts of this case did not rationally support an instruction on involuntary manslaughter because the evidence demonstrates that defendant acted with malice. There was

evidence that defendant took Haywald's truck without his permission, and that he was killed while attempting to stop her. Defendant followed Haywald out of a fast food restaurant, grabbed his car keys and entered his truck. Haywald clung to the opened door and steering wheel as defendant drove the truck backward, Haywald running along with the vehicle. Defendant then stopped suddenly and drove forward at a fast rate of speed. As the truck got close to the restaurant, defendant abruptly stopped and backed up, dislodging Haywald from the truck. He landed on the pavement. Defendant then stopped briefly, closed the vehicle door, and drove forward out of the parking lot. There was evidence that Haywald's injuries and death were caused by him hitting the moving vehicle door or other parts of the vehicle or hitting the ground, or by a combination of the two.

The only evidence that defendant cites in support of her argument is her own testimony. Defendant testified that she did not intend to hurt or kill Haywald when she grabbed the keys to the truck from him, or while attempting to drive away. However, defendant also testified that she knew Haywald was attempting to stop her and was holding onto the truck while she drove. Specifically, defendant knew Haywald was next to her when she drove across the parking lot, slammed on the brakes, and drove forward. She knew he was still holding on when she stopped and sped through the parking lot in reverse. Defendant acknowledged that she was trying to shake him from the truck and she had not left the parking lot immediately because he was hanging onto the vehicle and she did not want to drag him. When defendant saw that Haywald was no longer next to the truck, she stopped and drove out of the parking lot. By driving the vehicle back and forth at a high rate of speed while knowing that Haywald was holding onto the door and steering wheel, defendant, at a minimum, acted in wanton and wilful disregard of the likelihood that her actions would cause his death or result in great bodily harm. *Goecke*, 457 Mich at 464.

Although involuntary manslaughter is a necessarily included lesser offense of murder, a rational view of the evidence did not support an instruction on involuntary manslaughter.[3] Therefore, the trial court did not abuse its discretion in denying defendant's request for an involuntary manslaughter instruction.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

In her Standard 4 brief,[4] defendant raises multiple claims that she was denied the effective assistance of counsel at trial. We disagree. Although defendant raised her claims of ineffective assistance of counsel in a post-trial motion to remand, because no *Ginther* hearing was held, this Court's review is limited to mistakes apparent on the record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

---

[3] In addition to the evidence not supporting a lack of malice, the offense of carjacking is a felony. See MCL 750.529a. For this additional reason, an involuntary manslaughter instruction was not appropriate.

[4] A supplemental brief filed in propria persona pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4,

Criminal defendants have a right to the effective assistance of counsel under both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. To demonstrate the ineffective assistance of counsel, the defendant must show: "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that this performance so prejudiced him that he was deprived of a fair trial." *People v Gaines*, 306 Mich App 289, 300; 856 NW2d 222 (2014). "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). The defendant bears the burden of establishing a factual predicate for the claim. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015).

First, defendant contends that defense counsel was ineffective for failing to present an insanity defense. According to defendant, counsel initially recommended using an insanity defense and stated that it would be defendant's best defense. Yet, he ultimately withdrew this defense, adversely affecting defendant's case. "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). However, "[e]ffective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). A decision whether to present an insanity defense can be a matter of trial strategy, *People v Newton (After Remand)*, 179 Mich App 484, 493; 446 NW2d 487 (1989), and trial counsel is presumed to utilize sound trial strategy, *Gaines*, 306 Mich App at 310. This Court "will not substitute [its] judgment for that of counsel on matters of trial strategy, nor will [it] use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

On February 13, 2015, defense counsel filed a notice of insanity defense. On May 27, 2015, the prosecution filed a notice of rebuttal. With the expectation that she would raise an insanity defense, defendant underwent a forensic examination of her mental state and competency to stand trial. At a motion hearing on June 3, 2015, defense counsel noted that he had reviewed defendant's report from the Center for Forensic Psychiatry. In the final paragraph of the report, Dr. Arthur Rosenberg concluded that defendant "did not appear to have a mental condition that would impede her ability to proceed to adjudication" and could be considered "competent to stand trial." Defense counsel notified the trial court that he was withdrawing the insanity defense.

At trial, defense counsel contended that, although defendant was responsible for Haywald's death, she did not have the state of mind necessary for felony murder, second-degree murder, or carjacking. Rather, she was in heroin withdrawal and took Haywald's truck so that she could get to Detroit to obtain some heroin, and did not intend to injure Haywald or permanently deprive him of his truck. Defendant testified consistent with this theory.

Defendant has failed to show that her counsel's withdrawal of the insanity defense was not sound trial strategy. She has not presented proof that an insanity defense was viable; in fact, the forensic report of defendant's mental state indicated that she could "rationally assist in her own defense" and was "competent to stand trial." Counsel reviewed and referenced this report before notifying the trial court that the insanity defense was being withdrawn. There was no evaluation of defendant or other evidence indicating that she lacked substantial capacity either to

appreciate the nature and quality or the wrongfulness of her conduct or to conform her conduct to the requirements of the law at the time she committed the acts constituting the offenses for which she was charged. See MCL 768.21a(1). Accordingly, counsel chose to pursue an argument based on defendant's lack of specific intent for the crimes charged. Given this record, defendant has failed to overcome the presumption that her counsel made a sound decision to proceed with a different defense theory at trial.

Similarly, the record does not support defendant's argument that her counsel withdrew her insanity defense without fully investigating that defense. Defense counsel has a duty to make reasonable investigations into a client's case. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). The failure to conduct an adequate investigation is ineffective assistance if it undermines confidence in the outcome of the trial. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Defendant claims that her trial counsel failed to review her medical and mental health history and consult with an expert in the mental health field. However, she has failed to prove that counsel did not fully investigate the viability of the insanity defense before making the decision to withdraw it. Defendant was evaluated regarding her competency to stand trial, and her counsel reviewed the doctor's conclusions before deciding to withdraw the insanity defense. There is no record evidence to support the conclusion that defense counsel conducted a deficient investigation, and therefore, this claim of ineffective assistance of counsel fails.

Defendant also contends that her trial counsel was ineffective for failing to consult her before deciding to withdraw her insanity defense. Defense counsel is responsible for investigating and presenting all substantial defenses. *Chapo*, 283 Mich App at 371. Decisions about defense strategy, including what evidence to present and whether to call or question witnesses are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and counsel has wide discretion regarding matters of trial strategy, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). Again, this decision not to pursue the insanity defense was within counsel's professional judgment. Given the latitude of counsel in such decisions, it was not ineffective assistance of counsel for defense counsel to decide this issue independently.

Defendant further contends that trial counsel was ineffective for not calling an expert witness on the effects of prescription medications and drug and alcohol withdrawal on defendant's mental state. The decision whether to present an expert witness is a matter of trial strategy, which this Court will not "second-guess with the benefit of hindsight." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). Counsel's failure to call an expert witness to testify regarding defendant's state of mind would only be ineffective assistance of counsel if it deprived defendant of a substantial defense. *Id*. Trial counsel did present a substantial defense in this case, specifically that defendant did not intend to permanently deprive Haywald of his vehicle when she took it and did not act with malice toward him because she sought only to get to Detroit to obtain drugs. Moreover, defendant was able to assert her state of mind theory through her own trial testimony. She testified to her drug addiction. In particular, she recounted her recent stay in four different institutions and explained the heroin withdrawal she was experiencing at the time of the offenses. The record does not support a conclusion that the failure to call an expert witness constituted ineffective assistance. Additionally, defendant has not made an offer of proof regarding any expert witness who would testify in her favor. In sum, defendant has failed to establish the factual predicate for her claims of ineffective assistance of counsel and reversal is not warranted. *Putman*, 309 Mich App at 248.

## IV. ATTORNEY FEES

Finally, defendant asserts in her Standard 4 brief that the trial court erred by imposing court-appointed attorney fees without assessing her ability to pay. We disagree and conclude that it is not necessary to remand this case to the trial court for consideration of defendant's ability to pay attorney fees. In *People v Jackson*, 483 Mich 271; 769 NW2d 630 (2009), our Supreme Court distinguished between the imposition of a fee and the enforcement of a fee, and held that the assessment of a defendant's ability to pay court-appointed attorney fees is only necessary upon the enforcement of the fees and the defendant's challenge at that time to his or her ability to pay. A claim of error at this juncture is therefore premature.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Mark T. Boonstra